Hosmer *v.* Moseley.

CHESTER L. HOSMER *vs.* GEORGE H. MOSELEY.

In an action of replevin, the question being whether the plaintiff's title was real or only colorable, evidence is admissible that the plaintiff paid for the goods, although the payment was after action brought.

In such a trial the plaintiff may show in support of his title that he assumed liabilities concerning the property of such a character as might naturally be expected of a *bonâ fide* holder.

REPLEVIN for 22,000 cigars, and 200 cigar boxes. The defendant justified the taking by virtue of a writ directed to him as a deputy sheriff, in favor of one H. Loomis, against Joel Moore, dated November, 1851, and served on the 29th of November, 1851, and he alleged the property to be in said Moore. At the trial in the court of common pleas, before *Hoar*, J. the question submitted to the jury was whether the plaintiff really owned the stock of which the cigars were made, and whether he carried on the manufacture, employed and paid the workmen, for his own benefit, or whether his proceedings were merely colorable, for the purpose of protecting the property from the creditors of Moore, who, as the defendant claimed, was the true owner. Much evidence was introduced on both sides, tending to show who made the contracts, who furnished money, who disposed of the cigars when made, and who engaged, boarded, and paid the hands employed.

The plaintiff offered the deposition of Henry A. Loomis, to prove the sale of a quantity of tobacco, from which a part of the cigars were made. He testified that the tobacco was sold September 19th, 1851, and annexed a bill of that date. A receipt annexed to said deposition, with the testimony relating to it, was also read to the jury, dated January 27th, 1852, expressed to be in full for tobacco sold September 19th, 1851. The defendant objected to this evidence; but the court ruled that although the payment was made subsequent to the commencement of the action, yet the question being whether the contract were a real or a pretended one, the fact of payment being an act done in pursuance and for the completion of a contract previously made, was a competent fact for the consideration of the jury.

The plaintiff offered Gideon Stiles as a witness, who testified that in June, 1851, one Barden, who was at work making said cigars, engaged board at his house; that he asked the plaintiff if he was carrying on the shop and making cigars, and he said he was, and if he would be responsible for the board of Barden, and he said he would. To this evidence the defendant objected, but it was admitted. The jury found for the plaintiff; and to the foregoing ruling and admission of evidence, the defendant excepted.

*W. G. Bates*, for the defendant.

*H. Morris*, for the plaintiff.

By the Court. The sale of the tobacco, in relation to which the testimony of Loomis was given, was prior to the time in which this question of property in the cigars arose. The purchase being shown to have been made by the plaintiff, it was also competent to show that in pursuance of this contract, and the credit given him thereon, he had actually paid for the same, although the fact of payment occurred after the controversy had arisen. The plaintiff had the right to have the whole of this transaction shown to the jury, as bearing upon the question of his ownership of the cigars.

The evidence of Stiles was also admissible as showing such an act on the part of the plaintiff in assuming liabilities, and in dealing with others as was natural, and such as might have been expected of a *bonâ fide* owner of the property, and one carrying on the manufacture of cigars for his own benefit.

*Exceptions overruled.*